**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

KATHY L. SAFRANSKI, on behalf of herself )
and all others similarly situated, )
                                       )
                             Plaintiff, )
                                        )
                    *vs.* )          Case No.: 1:17-cv-00129-WCG
                                         )
PROFESSIONAL PLACEMENT SERVICES, )
LLC; a Wisconsin Limited Liability Company; )
and, JOHN AND JANE DOES NUMBERS 1 )
THROUGH 25, )
                                        )
                             Defendants. )
                                        )

## CLASS SETTLEMENT AGREEMENT

      This Class Settlement Agreement dated as of October 20, 2017, ("Agreement"), is made and entered into by and among the following Parties, as those terms are defined herein: (i) Plaintiff, Kathy L. Safranski, on behalf of herself and each of the Class Members, by and through her counsel of record; and (ii) Defendant, Professional Placement Services, LLC ("PPS"), by and through its counsel of record in this Litigation.[1] This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims, as set forth below, subject to the terms and conditions set forth herein.

## RECITALS

      1.     **Parties.** PPS and Plaintiff, individually and as representative of the class of persons defined below in ¶ 8 (the "Settlement Class"), enter this Agreement as to the claims of Plaintiff and the Settlement Class arising from PPS's collection letter attached as *Exhibit A* to

---

[1] As used in this Agreement, capitalized terms shall have the meanings and definitions set forth herein.

Case 1:17-cv-00129-WCG   Filed 11/10/17   Page 1 of 33   Document 22-1

Plaintiff's Complaint in this Litigation [Doc. 1]. Plaintiff and PPS are collectively referred to hereinafter as the "Parties."

2. **Nature of litigation.** On January 27, 2017, Plaintiff, individually and on behalf of a class, filed this lawsuit in the United States District Court for the Eastern District of Wisconsin, which is captioned as *Safranski v. Professional Placement Services, LLC, et al.*, Case No. 1:17-CV-00129-WCG (the "Litigation"). [Doc. 1]. The Litigation alleged PPS violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* by mailing consumers initial collection letters which failed to identify the current creditor in a clear and unambiguous fashion, as is required by the FDCPA. *Id.* Plaintiff alleged PPS's foregoing collection letters violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(2). *Id.*

On April 7, 2017, PPS filed an Answer with Affirmative Defenses to the Complaint denying it violated the FDCPA, as well as denying all liability to Plaintiff and the Settlement Class. [Doc. 11].

The Parties each served their Fed. R. Cv. P. 26(a) Disclosures and, on May 8, 2017, Plaintiff served PPS with her initial sets of Interrogatories, Requests for Production, and Requests for Admissions. On May 10, 2017, the Court conducted an Initial Conference at which time it entered its Scheduling Order governing deadlines in the Litigation [Doc. 16].

Thereafter, PPS responded to Plaintiff's initial sets of written discovery and Plaintiff took the deposition of the fact witness identified in its disclosures. During discovery, PPS produced confidential information concerning class size and damages for the class period alleged in the litigation.

Since the commencement of discovery, the Parties also began engaging in extensive arms-length discussions to resolve the Litigation, which ultimately culminated with this Agreement.

Case 1:17-cv-00129-WCG   Filed 11/10/17   Page 2 of 33   Document 22-1

3. **Denial of Liability.** PPS continues to deny violating the FDCPA and denies all liability to Plaintiff and the Settlement Class. PPS desires to settle the claims brought solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims that were, or could have been, brought related to its collection letter as *Exhibit A* to Plaintiff's Complaint [Doc. 1], and all claims which have or could have been asserted by Plaintiff and the Settlement Class against PPS in the Litigation.

4. Plaintiff, individually and on behalf of the Settlement Class, desires to settle her claims against PPS, having considered through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the Litigation will be further protracted and expensive.

5. Plaintiff's counsel have conducted an extensive investigation of the facts and applicable law, including, but not limited to, obtaining written discovery on issues pertaining to class size and damages. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Settlement Class to enter into this Agreement.

6. In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's counsel, and PPS collectively agree to settle the claims of the Plaintiff and the Settlement Class arising from PPS's collection letter attached as *Exhibit A* to Plaintiff's Complaint, subject to the Court's approval, on the following terms and conditions.

## TERMS

7. **Effective Date**. This Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of the following events: (1) the Court enters a Final Approval Order which: (a) approves this Agreement as fair, reasonable, and adequate to the Settlement Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses with prejudice the

Case 1:17-cv-00129-WCG    Filed 11/10/17    Page 3 of 33    Document 22-1

claims alleged by Plaintiff and the Settlement Class in the Complaint; and, (2) (a) if no objections are filed, the expiration of three business days after the Court's entry of the Final Approval Order; (b) if any objections are filed, the expiration of three business days after the time in which to appeal the Final Approval Order has passed without any appeal having been filed (which date shall be deemed to be 33 days following the entry of the Final Approval Order, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a Court holiday, in which case the date for purposes of this Agreement shall be deemed to be the next business day after such 33rd day); or (c) if such motion to alter or amend is filed, or if an appeal is taken, three business days after a determination of any such motion or appeal that permits the consummation of the Settlement in substantial accordance with the terms and conditions of this Agreement.

8. **Certification of Settlement Class**. For the purposes of settlement, the Parties stipulate to the certification of the Settlement Class, which is defined as:

> All persons with addresses in the State of Wisconsin to whom Professional Placement Services, LLC mailed an initial written communication to collect a debt, between January 27, 2016 and February 17, 2017, which states "Re: Partnership Community Health Center."

9. **Class Size.** PPS has provided documentation to Class Counsel concerning the number of class members. Specifically, PPS has disclosed there are approximately 1,346 persons who fit within the class definition and, therefore, are in the Settlement Class.

10. **Net Worth.** The Parties acknowledge that the FDCPA limits class recovery of statutory damages equal to the lesser of $500,000.00 or 1% of PPS's net worth. During discovery, PPS provided confidential information to Plaintiff's Counsel concerning its net worth and provided financial statements and other information for the relevant class period. As a result of significant in-depth settlement negotiations, the Parties agreed PPS will pay $9,000.00 in

statutory damages to the Settlement Class, which is *substantially* more than what could be recovered under the FDCPA if a class were successfully certified in the Litigation and Plaintiff prevailed on the merits at trial and on appeal.

11. **Relief to Plaintiff and the Settlement Class.** In view of all the foregoing, PPS shall provide the following relief to Plaintiff and the Settlement Class:

(a) *Class Recovery*. PPS will create a class settlement fund of $9,000.00 ("Class Recovery"), which a Third-Party Settlement Administrator ("Settlement Administrator") will distribute *pro rata*, not to exceed $50.00, among those Class Members who does not exclude him/herself and who timely returns a claim form ("Claimants"). Claimants will receive by check a *pro rata* share of the Class Recovery. Checks issued to Claimants will be void sixty (60) days from the date of issuance. If any portion of the Class Recovery remains after the void date on the Claimants' checks, these residual funds will be distributed as set forth in ¶11(d).

(b) *Plaintiff's Recovery*. PPS shall pay $2,000.00 to Plaintiff for her statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B), which also takes into account her services to the Settlement Class.

(c) Plaintiff shall pay all costs associated with providing notice to the Settlement Class under this Agreement including the cost of administering the class settlement, which shall be reimbursed as set forth herein. Subject to court approval, Heffler Claims Group LLC, 1515 Market Street, Philadelphia, PA 19102, is the company that will serve as Settlement Administrator.

(d) *Residual Class Recovery*. Any Class Recovery checks not cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will be disbursed in the following order: (i) to pay the costs associated with providing notice to Class Members and administering the Class Recovery; and (ii) any remainder donated as a *cy pres* award to one or more charitable organizations without any religious or political affiliations as directed by the Court. Plaintiff proposes any *cy pres* award be designated to Legal Action of Wisconsin, who provides *pro bono* legal services provides free legal services to low-income people throughout the State of Wisconsin who would otherwise be denied justice without its help.

12. In connection with Plaintiff's Counsel's application for approval of attorney's fees and costs, the Parties stipulate that, if the Court grants the Final Order, then the Litigation is a "successful action" within the meaning of 15 U.S.C. § 1692k(a)(3) notwithstanding that PPS does not admit to liability as set forth in ¶3. . As such, PPS agrees Class Counsel shall be entitled

to receive $48,000.00, which covers all fees and all expenses arising out of the Litigation. The award of fees, costs, and expenses to Class Counsel shall be in addition to, and shall not in any way reduce, the settlement amounts provided to Class Members. Upon payment of $48,000.00 to Class Counsel, PPS shall have no further obligation with respect to Class Counsels' fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiff or any Class Member.

13.     Class Members shall have forty-five (45) days after mailing of the notice of settlement to return a claim form, exclude themselves from, or object to, the Settlement.

14.     Any Class Member may seek to be excluded from the Agreement by opting out within the time set by the Court. Any Class Members desiring to exclude themselves from the Litigation must serve copies of the request on the Settlement Administrator by the Court's deadline. Any Class Member who opts out of the Settlement Class and Agreement shall not be bound by any prior court order or the terms of the Agreement.

15.     Any Class Member may object to this Agreement by sending said objection to the Clerk of the Court and serving copies of the objection on the Settlement Administrator within the time set by the Court. All objections must be in writing and personally signed by the Class Member and include: (1) the objector's name, address, and telephone number; (2) a sentence stating that to the best of his or her knowledge s/he is a member of the Settlement Class; (3) the name and number of the case: *Safranski v. Professional Placement Services, LLC*, Case No. 1:17-CV-00129-WCG; (4) the factual basis and legal grounds for the objection to the Settlement; (5) the identity of any witnesses whom the objector may call to testify at the Final Fairness Hearing; and (6) copies of any exhibits the objector may seek to offer into evidence at the Final Fairness Hearing. The written objection must indicate whether the Class Member and/or their lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the

Case 1:17-cv-00129-WCG   Filed 11/10/17   Page 6 of 33   Document 22-1

Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the last day of the exclusion/objection deadline set by the Court and shall include the full caption and case number of each previous class action case in which that lawyer(s) has represented an objector.

16.     **Payment of Settlement Funds.** Within 7 days after the Effective Date, PPS shall distribute all monies set forth in ¶¶11 and 12 to the Settlement Administrator, and within 21 days after the Effective Date the Settlement Administrator shall disburse those monies in accordance with this Agreement.

17.     **Release.** Upon the Effective Date, the Parties grant the following releases:

(a)     Plaintiff, Kathy L. Safranski, including each and every one of her agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges PPS, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for PPS) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time through the Effective Date.

(b)     Each Class Member who does not opt out releases and discharges the RELEASED PARTIES of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to PPS's collection letters in the form attached as *Exhibit A* to Plaintiff's Complaint in the Litigation [Doc. 1].

(c)     IT IS EXPRESSLY STATED that the releases above DO NOT release any claim or defense Plaintiff and each Class Member may have with respect to the underlying debts PPS was attempting to collect, including, but not limited to, (1) whether any debt is in fact owed, or (2) the crediting of payments on any debt.

(d)     PPS does NOT release its claims, if any, against Plaintiff or any Class Member for payment of their alleged debts. The underlying debts PPS sought to collect are not

affected by this Agreement. This Agreement does not prevent PPS from continuing to attempt to collect any debts allegedly owed by Class Members.

18.     The releases set forth herein are conditioned upon the Court's approval of the Agreement and PPS meeting its obligations herein. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

19.     **Notice Costs and Related Matters.** Plaintiff will pay all costs of providing notice to the Settlement Class and settlement administration, as described above in ¶11(c).

20.     **Notice.** Within seven (7) days of entry of the Preliminary Approval Order, PPS shall provide Class Counsel with a spreadsheet containing the names and last known mailing addresses of the Class Members, according to PPS's business records. Within twenty (21) days of entry of the Preliminary Approval Order, the Settlement Administrator shall cause actual notice in the form of Exhibit 1, to be sent to Class Members using PPS's foregoing spreadsheet. The Settlement Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. If a notice is returned as undeliverable and a forwarding address is provided, the Settlement Administrator shall cause to be forwarded any such returned notice to the address provided within four (4) days of receipt. Neither the Parties nor the Settlement Administrator shall be required to skip trace any notices returned as undeliverable to obtain valid mailing addresses.

21.     PPS shall provide notice of this proposed class settlement to the appropriate state and federal authorities, and file proof of same with the Court, in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA").

22.    **Preliminary Approval.** As soon as practicable after execution of this Agreement, the Parties shall make application to the Court for the Preliminary Approval Order, attached as Exhibit 2, which:

(a)    Preliminarily approves this Agreement;

(b)    Certifies the Settlement Class defined in ¶ 8 for settlement purposes;

(c)    Appoints STERN•THOMASSON LLP as Class Counsel;

(d)    Appoints Plaintiff as the Settlement Class representative;

(e)    Sets dates for Class Members to return a claim form, seek exclusion, or submit an objection;

(f)    Schedules a hearing for final approval of this Agreement;

(g)    Approves Exhibit 1 hereto as notice to the Settlement Class, to be directed to the last known address of Class Members as shown in PPS's business records;

(h)    Finds that mailing of the Settlement Class notice and the other measures specified in ¶20 are the only notice required to the Settlement Class and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws.

23.    The Parties agree to request the form of notice attached hereto as Exhibit 1 and propose the form of preliminary approval order attached hereto as Exhibit 2. The fact that the Court may require non-substantive changes in the proposed class notice or preliminary approval order does not invalidate this Agreement.

24. **Final approval**. At the conclusion of, or as soon as practicable after, the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of at least ninety (90) days from the preliminary approval of the settlement (as required by CAFA), Plaintiff and Class Counsel shall, on consent of PPS, request the Court enter a Final Order:

    (a)    approving the terms of this Agreement as fair, reasonable, and adequate;

    (b)    providing for the implementation of its terms and provisions;

    (c)    certifying the Settlement Class for settlement purposes;

    (d)    finding the notice given to the Settlement Class satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws;

    (e)    dismissing the claims of Plaintiff and the Settlement Class alleged in the Complaint with prejudice and further costs except as provided herein;

    (f)    retaining exclusive jurisdiction to enforce the terms of this Agreement;

    (g)    directing Class Counsel, after all money has been distributed from the Class Recovery and no later than thirty (30) days after the Void Date, to file a notice apprising the Court that the terms of Agreement have been complied with and providing an accounting of how the Class Recovery was distributed.

25. The Parties agree to request the form of final order attached hereto as Exhibit 3. Any require non-substantive changes in the final order does not invalidate this Agreement.

26. **Release of Attorneys' Lien**. In consideration of this Agreement, Plaintiff's counsel hereby discharges and releases the "Released Parties," as defined in ¶17(a) above, of and from all claims for attorneys' fees or costs, by lien or otherwise, other than the amount of Class Counsels' fees and costs to be determined and distributed pursuant to ¶12.

Case 1:17-cv-00129-WCG   Filed 11/10/17   Page 10 of 33   Document 22-1

27.    **Miscellaneous Provisions**.  The Parties and their attorneys agree to fully cooperate with one another in seeking approval of this Agreement and to use their best efforts to effect the consummation of this Agreement and settlement provided for herein prior to the fairness hearing.  To the extent that any disputes or issues arise with respect to this Agreement, the Parties and their attorneys agree to use their best efforts to informally resolve any such disputes or issues.

28.    The foregoing constitutes the entire agreement between the Parties regarding the subject matter hereof and may not be modified or amended except in writing, signed by all Parties hereto, and approved by the Court.

29.    This Agreement may be executed in multiple counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

30.    Each term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Settlement Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

31.    This Agreement shall be governed by and interpreted in accordance with the laws of the State of Wisconsin.

32.    If final approval is granted, the Parties shall retain the Settlement Class list and a list of Class Members who opted out or excluded themselves for six months thereafter, and may destroy them after that period.

33.    If either or both Parties commences any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement, the prevailing

party or parties in such action shall be entitled to recover their reasonable attorneys' fees and other expenses incurred in such action. Any award of attorneys' fees and expenses hereunder shall not be computed according to any court schedule, but, instead, shall be in such amount as to fully reimburse all attorneys' fees and expenses incurred in good faith, regardless of the size of the judgment, since it is the intention of all Parties to compensate fully the prevailing party for all attorneys' fees and expenses paid or incurred in good faith.

34.     Neither this Agreement nor the Release contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement:

(a)     is, or may be deemed to be, or ay be used as an admission or evidence of, the validity of any claims asserted in the Action, or of any wrongdoing or liability on the part of PPS; or

(b)     Is, or may be deemed to be, or may be used as an admission or evidence of any fault or omission of PPS in any civil, criminal, or administrative proceedings in any court, administrative agency, or other tribunal.  PPS may file this Agreement and/or the Final Approval Order in any action that has or may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion, or any similar defense or counterclaim.

Case 1:17-cv-00129-WCG   Filed 11/10/17   Page 12 of 33   Document 22-1

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective counsel of record, have so agreed.

**Defendant:**
PROFESSIONAL PLACEMENT SERVICES, LLC

*Irina Johnson*
By: Irina Johnson
Its: President
Dated: November 8, 2017

**Plaintiff:**
KATHY L. SAFRANSKI

Dated: October ___, 2017

**Attorney for Defendant:**
SAGER & COLWIN LAW OFFICES, S.C.

Christopher J. Smith
201 South Marr Street
Fond du Lac, WI 54935
Telephone: (920) 948-2123
Facsimile: (920) 921-8557
E-Mail: cjsmith@sagerlaw.com
Dated: November 7, 2017

**Attorneys for Plaintiff:**
STERN•THOMASSON LLP

Philip D. Stern
Andrew T. Thomasson
Heather B. Jones
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
Facsimile: (973) 532-5868
E-Mail: philip@sternthomasson.com
E-Mail: andrew@sternthomasson.com
E-Mail: heather@sternthomasson.com
Dated: October ___, 2017

Case 1:17-cv-00129-WCG   Filed 11/10/17   Page 13 of 33   Document 22-1

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective

counsel of record, have so agreed.

**Defendant:**
PROFESSIONAL PLACEMENT SERVICES, LLC

**Plaintiff:**
KATHY L. SAFRANSKI

Dated: October ___, 2017

By:
Its:
Dated: October ___, 2017

**Attorney for Defendant:**
SAGER & COLWIN LAW OFFICES, S.C.

**Attorneys for Plaintiff:**
STERN•THOMASSON LLP

Christopher J. Smith
201 South Marr Street
Fond du Lac, WI 54935
Telephone: (920) 948-2123
Facsimile: (920) 921-8557
E-Mail: cjsmith@sagerlaw.com
Dated: October ___, 2017

Philip D. Stern
Andrew T. Thomasson
Heather B. Jones
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
Facsimile: (973) 532-5868
E-Mail: philip@sternthomasson.com
E-Mail: andrew@sternthomasson.com
E-Mail: heather@sternthomasson.com
Dated: October 23, 2017

Page 13 of 13

# EXHIBIT "1"

Safranski v. Professional Placement Services, LLC
c/o Heffler Claims Group
P.O. Box *****
Philadelphia, PA 19102-****


<<refnum barcode>>

Class Member ID: <<refnum>>


<<First Name>> <<Last Name>>
<<Address 1>>
<<Address 2>>
<<City>> <<State>>, <<ZIP>>-<<ZIP4>>

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN**

*Safranski v. Professional Placement Services, LLC* Case No. 1:17-cv-00129-WCG

**NOTICE OF CLASS ACTION SETTLEMENT**

**A federal court authorized this notice. This is not a solicitation from a lawyer.
*THIS IS <u>NOT</u> A BILL OR NOTICE OF A LAWSUIT AGAINST YOU.***

# If you received a collection letter from Professional Placement Services, LLC you may benefit from this class action settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **RETURN A CLAIM FORM BY _____, 2018** | If you return a completed claim form by _____, 2018 you will remain in the Class and you will be entitled to receive a payment from the settlement fund. |
| **DO NOTHING BUT STAY IN THE CLASS** | By doing nothing, you will remain in the Class and be bound by the terms of the settlement, but you will not receive a payment from the settlement fund. |
| **EXCLUDE YOURSELF BY _____, 2018** | You will receive no benefits, but you will retain your legal claims against the Defendant. |
| **OBJECT BY _____, 2018** | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

## 1.      Why did I get this notice?

You are receiving this notice because you were identified as a person to whom Professional Placement Services, LLC ("PPS") mailed an initial collection letter between January 27, 2016 and February 17, 2018, which sought to collect a medical debt.

## 2.      What is this lawsuit about?

This lawsuit claims PPS violated a federal law known as the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's complaint alleges PPS's letters violated the FDCPA's requirement to clearly identify the current creditor of debts. PPS expressly denies it violated the FDCPA.

## 3.      Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Kathy L. Safranski), sue on behalf of a group (or a "Class") of people who have similar claims regarding the same collection letters used by PPS in an attempt to collect a debt.

## 4.      Why is there a settlement?

To avoid the cost, risk, and delay of litigation, the Parties reached a settlement as to the Plaintiff's and Class's claims.

## 5.      How do I know if I am part of the settlement?

The Court has certified a Class consisting of all people who meet the following definition:

> All persons with addresses in the State of Wisconsin to whom Professional Placement Services, LLC mailed an initial written communication to collect a debt, between January 27, 2016 and February 17, 2017, which states "Re: Partnership Community Health Center."

Based on PPS's electronic records, there are 1,346 people in the Class. According to PPS's records, you are a Class Member.

# YOUR BENEFITS UNDER THE SETTLEMENT

## 6.    What can I get from the settlement?

If you postmark and return a claim form by _____, 2018 to **Heffler Claims Group** you will be entitled to a *pro rata* share of the Class Recovery, not to exceed $50.00 per claimant. The Class Recovery will be $9,000.00. If each of the approximately 1,346 Class Members return a claim form, which is unlikely, each claimant will receive $6.69. Class Counsel expects that between 10-20% of the Class Members will return a claim form and each claimant will likely receive $50.00. No Class Member is eligible to receive more than one check for their share of the Class Recovery.

## 7.    When will I receive these benefits?

You will receive these benefits approximately 30-45 days after the Court enters a Final Approval Order. This estimation is premised on the assumption that no objections are received.

## 8.    I want to receive a payment from the settlement. What do I do?

By _____, 2018, you must complete, postmark and mail the enclosed claim form to **Heffler Claims Group** at the address listed on the claim form.

## 9.    What am I giving up if I remain in the settlement?

By staying in the Class, all of the Court's orders will apply to you, and you give PPS a "release." A release means you cannot sue or be part of any other lawsuit against PPS about the claims or issues in this lawsuit with respect to the collection letters at issue in the Complaint.

## 10.    How much will the Class Representative receive?

The Plaintiff, Kathy L. Safranski, will receive a payment of $2,000.00 for her individual statutory damages under the FDCPA, which also takes into account her services on behalf of Class Members. This payment is subject to the Court's approval.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to remain in the settlement, but you want to keep your legal claims against PPS, then you must take steps to exclude yourself from this settlement.

## 11.    How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail stating you want to be excluded from *Safranski v. Professional Placement Services, LLC*, Case No. 1:17-cv-00129-WCG. Be sure to include

your name, address, telephone number, and your signature. You must mail your exclusion request so it is postmarked **no later than _____, 2018,** to:

Safranski v. Professional Placement Services, LLC
c/o Heffler Claims Group
P.O. Box *****
Philadelphia, PA 19102-****

## 12. If I exclude myself, do I still receive benefits from this settlement?

No, you will not receive anything resulting from the settlement, but you will have the right to sue PPS over the claims raised in this case, either on your own or as a part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

# THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in this case?

The Court has named the law firm of STERN•THOMASSON LLP to serve as Class Counsel. You will not be charged for these lawyers; however, they will receive a payment from PPS in an amount to be determined by and approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, s/he must file an appearance by _____, 2018.

## 14. How will the lawyers be paid?

PPS has agreed to pay Plaintiff's reasonable attorneys' fees, costs, and expenses in the amount of $48,000.00. This payment of attorneys' fees and costs, which is subject to Court approval, will be paid by PPS and will not be taken out of, or in any way reduce, the Class Recovery.

# CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT

## 15. Is this a fair settlement?

Class Counsel believes this settlement is fair. The claims asserted on behalf of the Class against PPS are under the FDCPA, which provide for both individual actions and class actions. In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000. Plaintiff's complaint does not allege any actual damages. In a class action, the maximum possible recovery is (i) any actual damages suffered by the class members and (ii) the lesser of 1% of the Defendant's net worth or $500,000. The Court, in its discretion, may award anything from *zero* up to the

maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit may also recover attorneys' fees and the expenses of prosecuting the suit, if the lawsuit is successful.

In this case, the Class recovery of $9,000.00 will be divided equally (up to $100.00 per claimant) between those of the approximately 1,346 Class Members who timely submit a claim form. Class Counsel expects approximately 10-20% of Class Members will return a claim form and, therefore, each claimant will likely receive $50.00.

## 16.    What is the Defendant's view of this settlement?

As stated above, PPS denies that its collection letter violates the FDCPA. PPS desires to settle the claims of the Class to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims related to its collection letter that is the subject of this lawsuit.

# OBJECTING TO THE SETTLEMENT

Alternatively, you can tell the Court that you do not agree with the settlement or some part of it.

## 17.    How do I tell the Court that I do not like the Settlement?

If you are a Class Member, you can object to the settlement. To object to the settlement, you must send a written objection (such as a letter or legal brief) stating you object and the reasons why you think the Court should not approve the settlement. Your objection must be personally signed by you and include: (1) your name, address, and telephone number; (2) a sentence stating that to the best of your knowledge you are a Class; (3) the name and number of the case: *Safranski v. Professional Placement Services, LLC*, Case No. 1:17-cv-00129-WCG; (4) the factual basis and legal grounds for your objection to the settlement; (5) the identity of any witnesses whom you may call to testify at the Fairness Hearing; and (6) copies of any exhibits you may seek to offer into evidence at the Fairness Hearing. Your written objection must indicate whether your lawyer(s) intend to appear at the Fairness Hearing. If you have a lawyer, your lawyer who intends to appear at the Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than _____, **2018** and must include the full caption and case number of each previous class action case in which that counsel has represented an objector. You must mail your objection so that it is postmarked no later than _____, **2018** to:

Clerk of the Court
United States District Court for the Eastern District of Wisconsin,
125 South Jefferson Street - Room 102, Green Bay, WI 54301-4541

You must also send a copy of your objection to:

Safranski v. Professional Placement Services, LLC
c/o Heffler Claims Group
P.O. Box *****, Philadelphia, PA 19102-****

# THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

## 18.    Where and when is the fairness hearing?

The Court will hold a fairness hearing on _____, 2018 at __:__ __.m. in the courtroom of the Honorable William C. Griesbach, Chief Judge, United States District Court, 125 South Jefferson Street, Courtroom 201, Green Bay, WI 54301. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class and to determine the appropriate amount of compensation for Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

## GETTING MORE INFORMATION – CONTACT CLASS COUNSEL:

Andrew T. Thomasson
Heather B. Jones
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (920) 260-4881
Facsimile:  (973) 532-5868
E-Mail: andrew@sternthomasson.com

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR TO THE JUDGE.**
They are not permitted to answer your questions.

**[THIS PAGE INTENTIONALLY LEFT BLANK]**

<<refnum barcode>>

Class Member ID: <<refnum>>

| MUST BE SUBMITTED NO LATER THAN _____, 2018 | **PROOF OF CLAIM FORM** **RE:** *Safranski v. Professional Placement Services, LLC*, 1:17-cv-00129-WCG | For Office Use Only |
|---|---|---|

### I WISH TO RECEIVE A SHARE OF THE SETTLEMENT.
### IMPORTANT: THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE _____, 2018 AND MAILED TO THE FOLLOWING ADDRESS:

Safranski v. Professional Placement Services, LLC
c/o Heffler Claims Group
P.O. Box *****
Philadelphia, PA 19102-****

CLAIMANT INFORMATION:
Class Member ID: <<RefNum>>

<<First Name>> <<Last Name>>
<<Address1>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<Zip 4>>

**CORRECTIONS OR ADDITIONAL INFORMATION**

If different than the preprinted data to the left, please print your correct legal name and current address below **OR** if there is no data to the left, please print your correct legal name and current address here:

_____
Address 1

_____
Address 2

_____ _____ _____
City                                  State    Zip Code

For your claim form to be valid, your form must be signed, dated and submitted to the Settlement Administrator at the address listed above.

**SIGNATURE:** _____

**DATED:** ___ ___ / ___ ___ / ___ ___ ___ ___

*30956*
30956

*CF*
CF

*Page 1 of 1*
Page 1 of 1

# EXHIBIT "2"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

KATHY L. SAFRANSKI, on behalf of herself
and all others similarly situated,

      Plaintiff,

   *vs.*

PROFESSIONAL PLACEMENT SERVICES,
LLC; a Wisconsin Limited Liability Company;
and, JOHN AND JANE DOES NUMBERS 1
THROUGH 25,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:17-cv-00129-WCG

## PRELIMINARY APPROVAL ORDER

   The Court, having considered the Parties' motion for preliminary approval, hereby grants

preliminary approval to the Class Settlement Agreement (the "Agreement") between Plaintiff,

Kathy L. Safranski, individually, and as representative of the class of persons defined below (the

"Settlement Class"), and Defendant, Professional Placement Services, LLC ("PPS").

   **WHEREFORE**, for purposes of this Class Action Settlement and based upon the

Parties' stipulations as set forth therein, with respect to certifying this action as a class action for

settlement purposes the Court finds:

   A.  The Settlement Class is so numerous that joinder of all members is

      impracticable;

   B.  There are questions of law and fact common to the proposed Settlement

      Class.

   C.  The individual claims of Plaintiff are typical of the claims of the Settlement

      Class;

D.     Plaintiff is an appropriate and adequate representative for the Settlement Class;

E.     The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

F.     A class action is superior to other methods for fairly and efficiently settling this controversy;

G.     With respect to the appointment of Settlement Class Counsel under Fed. R. Civ. P. 23(g), the Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiff's counsel, Andrew T. Thomasson, Philip D. Stern, and Heather B. Jones have, and will continue to, fairly and adequately represent the interests of the Settlement Class;

H.     With respect to the proposed Agreement, after consideration of the Agreement attached as *Exhibit A* to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

I.     and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED**:

1.     Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

(a)     defines the "Settlement Class" as:

> All persons with addresses in the State of Wisconsin to whom Professional Placement Services, LLC mailed an initial written communication to collect a debt, between January 27, 2016 and February 17, 2017, which states "Re: Partnership Community Health Center."

(b)     defines the "Class Claims" as those claims arising from PPS's initial collection

letters which failed to clearly identify the current creditor as required by the FDCPA;

(c)      appoints Plaintiff as the Class Representative;

(d)      appoints STERN•THOMASSON LLP as Class Counsel; and

(e)      appoints Heffler Claims Group as the Settlement Administrator to send notice of the Settlement to Class Members and administer the Settlement.

2.      The Court approves the Parties' proposed Class Notice and directs that it be mailed to the last known address of Class Member as shown in PPS's business records. The Settlement Administrator shall mail the Class Notice to Class Members on or before

_____, **2018** (21 days from the date of this Order). The Settlement Administrator shall send the Notice by any form of U.S. Mail providing forwarding addresses.

3.      The Court finds that mailing of the Class Notice, and the Parties' notice plan, is the only notice required and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4.      Class Members shall have until _____, **2018** (66 days from this Order), to return a claim form seeking a payment from the Class Recovery, or to exclude themselves from, or object to, the Settlement. Any Class Members desiring to exclude themselves from the action must serve copies of the request on the Settlement Administrator by that date.

5.      Any Class Members who wish to object to the Settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of Wisconsin, and serve copies of the objection on the Settlement Administrator. All objections must be in writing, personally signed by the Class Member, and include: (1) the objector's name, address, telephone number, and the last four digits of their Social Security Number; (2) a

3

sentence stating that to the best of their knowledge s/he is a member of the Settlement Class; (3) the name and number of the case: *Safranski v. Professional Placement Services, LLC*, Case No. 1:17-cv-00129-WCG; (4) the factual basis and legal grounds for the objection to the Settlement; (5) the identity of any witnesses whom the objector may call to testify at the Final Fairness Hearing; and (6) copies of any exhibits the objector may seek to offer into evidence at the Final Fairness Hearing. The objection must indicate whether the Class Member and/or their lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than _____**, 2018** (Same date as Paragraph 4), and shall include the full caption and case number of each previous class action case in which that lawyer(s) has represented an objector.

6. To be effective, any request for exclusion or objection must be postmarked by _____**, 2018** (Same date as Paragraph 4).

7. If not already filed, PPS shall file with the Court proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

8. A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on _____**, 2018**, at _____ __.m. (90 days from the date of this Order).

**SIGNED AND ENTERED** this ___ Day of _____, 2017.

_____
WILLIAM C. GRIESBACH
Chief Judge, United States District Court

# EXHIBIT "3"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

KATHY L. SAFRANSKI, on behalf of herself
and all others similarly situated,

                    Plaintiff,

               *vs.*

PROFESSIONAL PLACEMENT SERVICES,
LLC; a Wisconsin Limited Liability Company;
and, JOHN AND JANE DOES NUMBERS 1
THROUGH 25,

                  Defendants.

Case No.: 1:17-cv-00129-WCG

## FINAL APPROVAL ORDER AND JUDGMENT

Upon consideration of the Parties' request for final approval of the Class Settlement

Agreement ("Agreement") between Plaintiff, Kathy L. Safranski, individually, and as

representative of the class of persons defined below ("Settlement Class"), and Defendant,

Professional Placement Services, LLC ("PPS"), the Court orders and finds as follows:

1.     This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Class

Members, and PPS.

2.     The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons with addresses in the State of Wisconsin to whom
> Professional Placement Services, LLC mailed an initial written
> communication to collect a debt, between January 27, 2016 and
> February 17, 2017, which states "Re: Partnership Community
> Health Center."

3.     Based on the Parties' stipulations: (A) the Settlement Class as defined is

sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact

predominate over any questions affecting only individual Class members, and included whether

or not PPS violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.§ 1692, *et seq.* by mailing consumers initial collection letters which failed to identify the current creditor in a clear and unambiguous fashion as required by the FDCPA; (C) Plaintiff's claim is typical of the Class Members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorneys, Andrew T. Thomasson, Philip D. Stern, and Heather B. Jones are hereby appointed Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class.

4.     The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately ___ Class Members by Heffler Claims Group, the third-party settlement administrator ("Settlement Administrator"). A total of ___ envelopes were returned by the United States Postal Service, ___ of which were returned with forwarding addresses and successfully re-mailed. ___ Class Members requested exclusion, and ___ objections were filed or received. A total of ___ Class Members returned the proof of claim form and are entitled to a share of the monetary benefits of the Settlement.

5.     On _____, 2018, the Court held a fairness hearing to which Class Members, including any with objections, were invited. Excluded from the Settlement Class are those persons identified in ***Exhibit A*** attached hereto who timely and validly requested exclusion.

6.     The Court finds that provisions for notice to the class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7.     The Court finds that the Settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by

PPS. Upon the Effective Date, as that term is defined in the Agreement, PPS shall make the following payments:

    (a)    PPS will create a class settlement fund of $9,000.00, which Class Counsel through the Settlement Administrator will distribute *pro rata* (up to $50.00) among those Class Members who did not exclude themselves and who returned a claim form ("Claimants"). Claimants will receive their share of the Class Recovery by check, which shall become void sixty (60) days from the date of issuance. Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery will be donated as a *cy pres* award to Legal Action of Wisconsin and earmarked for assisting Wisconsin residents with consumer issues.

    (b)    PPS shall pay Plaintiff $2,000.00.

    (c)    PPS shall pay Class Counsel $48,000.00 for their attorneys' fees and costs incurred in the action. Class Counsel shall not request additional fees or costs from PPS or the Class Members.

8.    The Parties grant the following releases:

    (a)    Plaintiff, including each and every one of her agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges PPS, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for PPS) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time through the date of the Agreement.

    (b)    Each Class Member who did not exclude themselves from the Settlement hereby releases and discharges the Released Parties of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to PPS's collection letter attached as *Exhibit A* to Plaintiff's Complaint [Doc. 1].

    (c)    Plaintiff and each Class Member DO NOT release any defense they may have with respect to the underlying debts PPS was attempting to collect, including (i) whether any debt is in fact owed, or (ii) the crediting of payments on any debt.

(d)     PPS does NOT release its claims, if any, against Plaintiff or any Class Member for the payment of their alleged debts. The underlying debts PPS sought to collect are unaffected by the Settlement. The Settlement does not prevent PPS from continuing to attempt to collect the debts allegedly owed by Class Members.

9.      The Court finds the Agreement is fair and made in good faith.

10.     The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

11.     The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

12.     The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this Order.

13.     The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

**SIGNED AND ENTERED** this ___ Day of _____, 2017.


_____
            WILLIAM C. GRIESBACH
            Chief Judge, United States District Court

4