# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

KATHY L. SAFRANSKI, on behalf of herself and all others similarly situated,

    Plaintiff,

vs.

PROFESSIONAL PLACEMENT SERVICES, LLC; a Wisconsin Limited Liability Company; and, JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

    Defendants.

Case No.: 1:17-cv-00129-WCG

## FINAL APPROVAL ORDER AND JUDGMENT

Upon consideration of the Parties' request for final approval of the Class Settlement Agreement ("Agreement") between Plaintiff, Kathy L. Safranski, individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, Professional Placement Services, LLC ("PPS"), the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Class Members, and PPS.

2. The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons with addresses in the State of Wisconsin to whom Professional Placement Services, LLC mailed an initial written communication to collect a debt, between January 27, 2016 and February 17, 2017, which states "Re: Partnership Community Health Center."

3. Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Class members, and included whether

or not PPS violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.§ 1692, *et seq*. by mailing consumers initial collection letters which failed to identify the current creditor in a clear and unambiguous fashion as required by the FDCPA; (C) Plaintiff's claim is typical of the Class Members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorneys, Stern• Thomasson LLP are appointed Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to 1,319 Class Members by Heffler Claims Group, the third-party settlement administrator ("Settlement Administrator"). A total of 219 envelopes were returned by the United States Postal Service, 10 of which were returned with forwarding addresses and successfully re-mailed. No Class Members requested exclusion from, or objected to, the Settlement. A total of 75 Class Members returned the proof of claim form and are entitled to a share of the monetary benefits of the Settlement.

5. On February 23, 2018, the Court held a fairness hearing to which Class Members, including any with objections, were invited; however, no one appeared to voice any objection.

6. The Court finds that provisions for notice to the Class satisfy the requirements due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

7. The Court finds the Settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by PPS. Upon the Effective Date, as that term is defined in the Agreement, PPS shall make the following payments:

    (a) PPS will create a class settlement fund of $9,000.00, which Class Counsel through the Settlement Administrator will distribute *pro rata* (up to $50.00) among those Class Members who did not exclude themselves and who returned a claim form ("Claimants"). Claimants will receive their

share of the Class Recovery by check, which shall become void sixty (60) days from the date of issuance. Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery will be donated as a *cy pres* award to Legal Action of Wisconsin and earmarked for assisting Wisconsin residents with consumer issues.

    (b)    PPS shall pay Plaintiff $2,000.00.

    (c)    PPS shall pay Class Counsel $48,000.00 for their attorneys' fees and costs incurred in the based upon their requested hourly rates and expenses incurred. Class Counsel shall not request additional fees or costs from PPS or the Class Members.

8.    The Parties grant the following releases:

    (a)    Plaintiff, including each and every one of her agents, representatives, attorneys, heirs, assigns, or any other person acting on her behalf or for her benefit, and any person claiming through her (collectively "Releasors"), releases and discharges PPS, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for PPS) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time through the date of the Agreement.

    (b)    Each Class Member who did not exclude themselves from the Settlement hereby releases and discharges the Released Parties of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs arising out of or related to PPS's collection letter attached as *Exhibit A* to Plaintiff's Complaint [Doc. 1].

    (c)    Plaintiff and each Class Member DO NOT release any defense they may have with respect to the underlying debts PPS was attempting to collect, including (i) whether any debt is in fact owed, or (ii) the crediting of payments on any debt.

    (d)    PPS does NOT release its claims, if any, against Plaintiff or any Class Member for payment of their alleged debts. The underlying debts PPS sought to collect are unaffected by the Settlement. The Settlement does not prevent PPS from continuing to attempt to collect the debts allegedly owed by Class Members.

9. The Court finds the Agreement is fair and made in good faith.

10. The terms of the Agreement are incorporated into this Order. This Order shall operate as a final judgment and dismissal with prejudice of the claims in this action.

11. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

12. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Agreement and this Order.

13. The Parties are hereby ordered to comply with the terms of the Agreement and this Order.

**SIGNED AND ENTERED** this  23  Day of February 2018.

    s/ William C. Griesbach
    WILLIAM C. GRIESBACH
    Chief Judge, United States District Court